## Humphreville v. Desch et ux.

*J. H. Brown*, for plaintiff.

*William C. Storb*, for defendants.

WISSLER, J., May 31, 1946.—This matter is before the court upon a case stated to determine title to real estate, upon the following agreed facts.

On January 8, 1946, plaintiff, Edwin Humphreville, and defendants, Joseph H. Desch and Edna K. Desch, entered into a verbal agreement whereby plaintiff agreed, for the consideration of $3,717.27, to convey to defendants, their heirs and assigns, free and clear of all encumbrances, a tract of land situated on the east side of Coral Street, in the City of Lancaster, Pa., having erected thereon a two-story brick dwelling house, known as 237 Coral Street.

Plaintiff on April 1, 1946, tendered to defendants a good, lawful and sufficient deed, signed and acknowledged by both plaintiff and his wife, conveying said premises in fee simple to defendants as tenants by the entireties, and demanded from defendants the purchase price. Defendants refused to accept the deed of conveyance and to pay the purchase price, assigning as the reason therefor that a mortgage given by plaintiff to The Agricultural Trust & Savings Company in the sum of $10,500, dated January 6, 1926, and recorded January 9th of that year in Mortgage Book No. 285, p. 512, covered the premises agreed to be sold by plaintiff to defendants, which mortgage was improperly satisfied of record in the recorder's office on October 1, 1926, by P. F. Snyder, attorney-in-fact for The Agricultural Trust & Savings Company, by virtue of a letter of attorney given by The Agricultural Trust &

Savings Company, dated April 21, 1922, and recorded in the recorder's office of Lancaster County on April 22, 1922, as follows:

"Know all men by these presents that the Agricultural Trust and Savings Company a corporation incorporated under the laws of the Commonwealth of Pennsylvania has made constituted and appointed and by these presents does make constitute and appoint J. H. Mowrer, President and P. F. Snyder, Treasurer of said The Agricultural Trust and Savings Company, or either of them its true and lawful attorneys for it and in its name to satisfy, transfer and release all mortgages held by said The Agricultural Trust and Savings Company recorded in the office of the Recorder of Deeds in and for Lancaster County and all judgments and other liens held by said The Agricultural Trust and Savings Company entered in the office of the Prothonotary of the Court of Common Pleas of Lancaster County and it hereby authorizes and empowers the said J. H. Mowrer, President and P. F. Snyder, Treasurer or either of them to enter satisfaction, acknowledge receipts of moneys on account of transfer and release upon the records all mortgages, judgments and liens aforesaid."

Defendants assigned as the defect in the satisfaction of the mortgage aforesaid the fact that the letter of attorney granted to the said P. F. Snyder authorized him to satisfy "all mortgages held by said The Agricultural Trust and Savings Company recorded in the office of the Recorder of Deeds in and for Lancaster County", and that at the time of the execution, delivery, and recording in the recorder's office of the said letter of attorney the mortgage in question was not held by The Agricultural Trust & Savings Company.

The sole question involved is: Does the use of the word "held" as used in the letter of attorney refer to mortgages owned by the principal both before and after the execution of the letter of attorney, or only to the date of its execution?

It is a well-known rule that letters of attorney are to be construed strictly, and when special powers are given they are not to be enlarged unless clearly so intended: Culbertson, Receiver, v. Cook et al., 308 Pa. 557 (1932).

It has also been held that a principal is liable not only for such acts of the agent as are expressly authorized or necessarily implied from express authority, but also for such acts of the agent as are within the apparent scope of the authority conferred on him: W. C. Downey & Co., Inc., v. Kraemer Hosiery Co., 136 Pa. Superior Ct. 553 (1939).

Considering the powers granted in the letter of attorney as specific, the satisfaction of a mortgage held by the principal subsequent to the execution of the letter of attorney surely would not be an enlargement of the specific power when the principal, a banking institution, was constantly engaged in placing mortgage loans in the ordinary course of its business.

In 19 Words and Phrases 374, it is stated that the word "held" has no primary or legal technical meaning, its meaning being determined largely by the connection in which it is used, citing Chicago Home for Girls v. Carr, 300 Ill. 478, 133 N. E. 344 (1921). In the instant case it was clearly used for the purpose of defining the obligations to which the letter of attorney had application, namely, the ones which were owned by the principal.

While the intent might have been still more clearly expressed by using the words "now held or hereafter held" it is equally clear that the intention of the principal was to give its officers a general power to satisfy all mortgages held by it, both before and after the execution of the letter of attorney, and that that power was to continue until revoked.

And now, May 31, 1946, judgment is entered in the sum of $3,717.27 in favor of plaintiff and against defendants.